288 (1989), make it even less likely that future capital defendants who receive qualified legal counsel in federal habeas actually will obtain relief. And it·is the capital defendant who pays the price for the failings of counsel and this review process—generally with his life. ·

Our system of justice is adversarial and depends for its legitimacy on the fair and adequate representation of all parties at all levels of the judicial process. The trial is the main event in this system, where the prosecution and the defense do battle to reach a presumptively reliable result. When we execute a capital defendant in this country, we rely on the belief that the individual was guilty, and was convicted and sentenced after a fair trial, to justify the imposition of state-sponsored killing. And · when this Court curtails federal oversight of state-court proceedings, it does so in reliance on the proposition that justice has been done at the trial level. My 24 years of overseeing the imposition of the death penalty from this Court have left me in grave doubt whether this reliance is justified and whether the constitutional requirement of competent legal counsel for capital defendants is being fulfilled. It is my hope and belief that this Nation soon will come to realize that capital punishment cannot morally or constitutionally be imposed. Until that time, however, we must have the courage to recognize the failings of our present system of capital representation and the conviction to do what is necessary to improve it.

Adhering to my belief that the death penalty cannot be imposed fairly within the constraints of our Constitution, *Collins* v. *Collins*, 510 U. S. 1141, 1143 (1994) (BLACKMUN, J., dissenting), I would grant the petition for certiorari and vacate the death sentence.

No. 93–7699. KARIM-PANAHI *v.* UNITED STATES ET AL., 511 U. S. 1109;

No. 93–8295. WARREN *v.* UNITED STATES, 511 U. S. 1110;

No. 93–8401. FROMAL *v.* VIRGINIA STATE BAR DISCIPLINARY BOARD, 511 U. S. 1090;

No. 93–8458. WOODS *v.* SINGLETARY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., 511 U. S. 1092; and

No. 93–8853. WHITLEY *v.* FLORIDA, *ante,* p. 1210. Petitions for rehearing denied.